Pennsylvania Labor Relations Board, Appellant,
*v.* Merion Memorial Park.

Argued January 4, 1962.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

Raymond Kleiman, Assistant Attorney General, with him James F. Wildeman, Assistant Attorney General, and David Stahl, Attorney General, for Pennsylvania Labor Relations Board, appellant.

Jacob Kalish, with him Dilworth, Paxson, Kalish, Kohn & Dilks, for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:

This is an appeal from an order of the Court of Common Pleas of Montgomery County, which set aside a final order of the Pennsylvania Labor Relations Board and denied its petition for enforcement.

A charge of unfair labor practices was filed with the board by Local No. 57, Laborers District Council of Philadelphia, alleging that Merion Memorial Park (hereinafter referred to as employer) had engaged in unfair labor practices within the meaning of Section 6, subsection 1, clauses (a) and (e) of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, as amended, 43 P.S. §211.6 (1), (a) and (e). After hearing and in due course, the board entered a final order directing, inter alia, the employer to cease and desist from interfering with its employees in the exercise of their rights of self-organization and collective bargaining and to take affirmative action in bargaining with the representative of the employees. On appeal, the lower court ruled that the board's conclusions were not supported by the evidence or its own findings of fact, and that the employer was not guilty of unfair labor practices as charged. The board appealed here.

The board specifically concluded that the employer did not bargain in good faith in violation of Section 6, subsection 1, clause (e) of the act. Bad faith is a desire or an intention not to reach an agreement: N. L. R. B. v. Reed & Prince Manufacturing Co., 205 F. 2d 131 (1953). Under Section 9(b), the findings

of the board are conclusive if supported by substantial and legally credible evidence. Such evidence has been defined as that which to a reasonable mind is adequate to support a conclusion. Conjecture is no substitute therefor and a mere scintilla is insufficient: *P. L. R. B. v. Kaufmann Dept. Stores, Inc.*, 345 Pa. 398, 29 A. 2d 90 (1942). Our review involves a determination of whether or not the board's findings were supported by substantial and legally credible evidence, *and whether the conclusions deduced therefrom were reasonable and not capricious*: *P. L. R. B. v. Elk Motor Sales Co.*, 388 Pa. 173, 130 A. 2d 501 (1957).

The legal and credible evidence discloses the following facts: The employer is engaged in operating a cemetery. On March 22, 1959, Local No. 57, Laborers District Council of Philadelphia, was certified as the collective bargaining representative of its employees. Up to and including July 2, 1959, six meetings between the parties were held. During these meetings, a draft of an agreement submitted by Marcus Manoff, Esquire, counsel for the employer was used as a basis for the negotiations. During these negotiations, agreement was had as to a checkoff clause, the status of Sunday work, the retroactive date for any increase in wages and holiday pensions. Important questions of supervisory employees, holidays, union security and wages remained unresolved. The question of a welfare program had been omitted from the draft and was still open. On July 2, 1959, the employer offered a $5 increase "across the board" to resolve the wage issue. The union rejected this proposal, declared that it would recommend to the employees that they strike, terminated bargaining and walked out of the meeting. As pointed out above, there were still a number of other open issues. Thereafter the union representative visited the site of the cemetery six or seven times and unsuccessfully urged the employees to strike.

On September 22, 1959, almost three months after the impasse had been reached, the parties met again. The union advised the employer that it was then prepared to execute an agreement in accordance with the employer's last offer. Mr. Manoff stated that he had been on vacation and unrefreshed on this matter since June 2d; that he had another appointment; that he wished to refresh his memory as to prior negotiations, to prepare phraseology, to consult with his client since there might be some revisions in its position; and that some changes might be necessary because economic conditions had changed. The meeting adjourned. The union representative and Mr. Manoff scheduled another meeting for October 7, 1959.

At the next meeting on October 7, 1959, the employer declared its desire to clean up all the proposals still open in addition to the ones that had been put on the table, and stated it wished to submit some revisions. The union representative refused to listen to the proposed revisions. The employer asked the union to at least listen to what was proposed. The union refused. Its representative walked out of the meeting and filed the unfair labor practice charges. .

The board's conclusion that the employer was engaged in a sham performance throughout the bargaining sessions is based almost entirely upon what happened at the final session of October 7, 1959. This scope was too narrow. The standards of good faith in bargaining must be based on the whole picture of the parties' relations and the totality of the employer's conduct must be considered: *Southern Saddlery Co.*, 90 N. L. R. B. 1205 (1950); *N. L. R. B. v. American National Insurance Co.*, 343 U. S. 395, and *N. L. R. B. v. Reed & Prince Manufacturing Co.*, supra.

From July 2, to September 22, 1959, the union attempted to enforce its demands by an effort to influence the employees to strike. There isn't an iota of

proof that the employer interfered with the employees or the union during this period. At the meeting of October 7, 1959, the union representative picked up his papers and walked out of the meeting when the employer suggested further discussion of terms. He didn't even wait to give the employer reasonable opportunity to state its position. Certain substantial issues were still unresolved and in mid-air.

Under such circumstances, a conclusion or finding that the employer failed to bargain in good faith is untenable and capricious.

Order affirmed.